(No. 79-CC-0605-)

AMERICAN STATES INSURANCE COMPANY, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 17, 1983.*

RONALD E. HALLIDAY, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

The Claimant is a subrogee of its insured, James W. Stout, who was injured while driving a truck northbound

on Illinois Route 26 on April 16, 1977. The truck involved was a 1968 International Harvester and the accident occurred around 1:30 p.m. Claimant was riding alone in said truck and was being followed by his son, Rex Stout, and according to the evidence, he was travelling at approximately 40-45 miles per hour.

According to the record, it appears that James Stout reached a point approximately 10 miles south of Lacon, Illinois, near an intersection with Banta Road, when he reached a bridge. The road surface up to that point had been smooth. There was a sign on the bridge warning of rough road. Upon seeing the sign, Mr. Stout reduced his speed by about 10 miles per hour. The evidence is to the effect that the driver was unfamiliar with the road since he had not driven over it for four to eight months prior to the accident.

After crossing the bridge, Mr. Stout observed a large chuckhole 40 to 60 feet from the end of the bridge. The distance from the sign to the chuck hole was between 100 and 125 feet. The evidence shows that the road where the hole was located was lower than the bridge pavement and therefore Mr. Stout was unable to see the hole until he had crossed the bridge. The evidence shows the hole was six to eight feet in diameter and from six to eight inches deep. Mr. Stout's son, Rex, who was the only eyewitness, testified that the hole measured 10 to 15 feet wide, six to eight feet long, and four to six inches deep. Mr. Stout also testified that the hole crossed over the center line and that it was so wide he could not have avoided it by driving off onto the shoulder.

As Mr. Stout struck the hole, the rear of his truck was thrown into the air, crossing the center line. The truck began to fishtail but Mr. Stout was able to control it and avoid a head-on collision with a pickup truck in the oncoming lane. The trailer then pulled into the ditch.

The trailer pulled the rear of the truck and it rolled over.

At the time of the accident, Mr. Stout had had the truck for less than one month. He testified he purchased the truck on February 28, 1977, for $7,350.00 and took delivery of it on March 1, 1977, but sent it back for repairs to the transmission. The record shows the truck was a total loss and the highest bid for salvage was $1,565.50. There were towing and storage expenses in the amount of $321.50 and a $500.00 deductible on the insurance policy, making a total claim of the subrogee of $5,581.00.

According to the record, Rex Stout returned to the scene of the accident less than four hours later to take pictures. Upon his return, he found the warning sign had been moved 50 to 75 feet behind the guardrail so that it provided an earlier warning. He further found that the Respondent's maintenance workers were already engaged in repairing the road surface.

State Trooper Gene Kizer testified that he was the patrol officer for that area and lived nearby. He recalled this particular chuckhole but did not remember whether he notified the Illinois Department of Transportation of its existence. His testimony was disputed by Rex Stout who stated that trooper Kizer told him he had been trying to get the State to fix that road for a couple of months.

Mr. John Hartwig, a maintenance field engineer for the Illinois Department of Transportation, testified that more than 77 tons of cold mix material had been used on that subsection from March 4 to April 16 of that year. He also testified that the State was aware of the rough road section and that cold patch is a temporary material. According to the time cards, which were introduced by Respondent, there was no further maintenance done after April 4.

Before Claimant can recover in a suit of this nature, he must prove Respondent was guilty of negligence, that he was free from contributory negligence, and that Respondent's negligence was the cause of the accident. It is also required that the State have knowledge of the dangerous condition.

The evidence is clear that the State had actual knowledge of this condition because of the patches they had put on this particular area and because of the warning signs that were put up a comparatively short distance from the hole in question.

The record is clear that the road where the hole was located was lower than the bridge pavement and was not visible to the oncoming traffic until the traffic was within a short distance from the hole in question. The fact that Respondent moved the warning sign back further after this accident occurred is strong evidence to the fact that the sign had not been placed far enough away from the hole to give the travelling public enough time to slow down to avoid accidents.

It is clear from the record that Claimant was free from contributory negligence and that the proximate cause of the accident was Respondent's failure to repair this pothole and to adequately warn the travelling public of its danger.

An award is hereby made in favor of Claimant in the amount of $5,581.00.